[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 20, 1990 Date of Application July 20, 1990 Date Application Filed July 20, 1990 Date of Decision January 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-312857;
John R. Williams, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of murder in violation of General Statutes 53a-54a(a), and conspiracy to commit murder in violation of General Statutes53a-48 and 53a-54a(a). A sentence of fifty years was imposed on the first charge and a concurrent sentence of twenty years was imposed on the second count. The total effective sentence was fifty years.
The facts underlying petitioner's conviction indicate that on September 18, 1988 he and an associate were with a group playing soccer in New Haven. The victim was watching the game. Petitioner and his associate left the game and went to the trunk of petitioner's automobile. Next, petitioner was observed firing a gun at the victim who was struck three or four times. One shot passed through the victim's heart causing his death. At the same time the associate attempted to shoot a friend of the victim's but the gun malfunctioned. In arguing for a reduction in sentence petitioner's attorney stated that his client had an insignificant criminal record. The victim, however, was described by the attorney as a major street criminal and the leader of a drug gang with a history of violent crimes. The attorney stated that petitioner greatly feared the victim and that the crime occurred because petitioner feared that if he CT Page 2216 did not take action the victim would kill him.
It was argued that under the circumstances a sentence closer to the minimum mandatory twenty-five years would be appropriate.
Petitioner presented a prepared statement indicating that he is changing for the better and that his family needs him. It is noted that such matters are beyond the scope of review of this division. Connecticut Practice Book 942.
The state's attorney argued against any reduction stating that petitioner was himself a drug dealer and that he shot the victim three or four times.
The sentencing judge described the homicide as an unprovoked assassination by a drug dealer on a public street at a time when a substantial number of innocent people were in the area.
The crime here involved assaults on two separate individuals. The concurrent sentence is well under the maximum prescribed by law. Considering all of the circumstances it cannot be found that the sentence imposed was inappropriate or disproportionate or should be modified. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 2217